## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA STATE** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5119** |
| **INDIA ARMANI RATLIFF ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a notice[1] of "joint civil & criminal removal of combined criminal trial & contempt proceedings" filed by *pro se* defendants India Armani Ratliff ("Ratliff") and Belinda Parker-Brown ("Parker-Brown") (collectively, "defendants"). The notice seeks to remove a criminal misdemeanor case from the 22nd Judicial District Court for the Parish of St. Tammany. Defendants allege that "Chief Judge William H. Burris of the 22nd Judicial District Court has infringed upon and violated" their federal rights.[2] For the reasons stated below, the Court summarily remands the case to the 22nd Judicial District Court for the Parish of St. Tammany.

## I.     BACKGROUND

This case involves the state-court criminal prosecution of Ratliff for misdemeanor "simple criminal damage to property less than $1,000"[3] and a contempt of court hearing regarding Parker-Brown's conduct in Ratliff's criminal case.[4] Defendants state that the criminal case and the contempt hearing are "inextricably

---

[1] R. Doc. No. 1.
[2] *Id.* at 4.
[3] R. Doc. No. 2-2, at 2.
[4] R. Doc. No. 1-1, at 18–20.

intertwined as one single proceeding[,]" and they contend that this proceeding should be removed based on Judge Burris' "infringe[ment] on" their federal rights.[5]

The notice of removal states that Parker-Brown filed her removal pursuant to 28 U.S.C. § 1443(1) and § 1443(2), and that Ratliff filed her removal pursuant to §1443(1) and § 1455.[6] The notice of removal also states that Parker-Brown "is entitled to remove this case on account of her status as a worker who collaborates with Federal Agents—she is an unofficial agent for official agents and is thus entitled to the protection of removal to Federal Court under 28 U.S.C. § 1442."[7]

## II.    LAW & ANALYSIS

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). "The Court is under an independent obligation to examine the notice of removal to determine whether subject matter jurisdiction exists. Furthermore, the Court possesses the authority, under 28 U.S.C. § 1447(c), to remand a case, *sua sponte*, for lack of subject matter jurisdiction." *E.g.*, *Arkansas v. Ogelsby*, No. 11CV00163, 2011 WL 745251, at *1 (E.D. Ark. Feb. 24, 2011).

In light of their *pro se* status, the Court will construe defendants' pleadings liberally, drawing all reasonable inferences which can be drawn from them. *See Moore*

---

[5] R. Doc. No. 1, at 4–5.
[6] *Id.* at 5.
[7] *Id.* at 8–12.

*v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Texas v. Jackson*, No. 21-421, 2022 WL 2712584, at *2 (E.D. Tex. Feb. 2, 2022).

### a. Summary Remand

Pursuant to 28 U.S.C. § 1455(b)(4), a court confronted with a notice of removal in a criminal prosecution "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Section 1455(a) requires defendants "desiring to remove any criminal prosecution from a State court" to file a signed "notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Section 1455(b)(1) further provides that "a notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

Defendants' notice of removal, which seeks to remove both the criminal case against Ratliff and the related contempt proceedings against Parker-Brown "as one single proceeding,"[8] does not comply with § 1455(a)'s requirements. The notice does contain a statement of the grounds for removal; however, as stated, § 1455(a) also

---

[8] *Id.* at 5.

requires defendants seeking removal to file "a copy of all process, pleadings, and orders served upon" them, in addition to stating the grounds for removal.

In support of removal, defendants submitted a two-page document showing minutes from a May 11, 2023 proceeding wherein Ratliff was the defendant.[9] During that proceeding, "the Court ordered Belinda Parker-Brown be banned from the Courtroom unless she is given written authority by the Court" and indicated that the Court would be "filing a rule for indirect contempt."[10] Defendants also submitted two transcripts of the relevant proceedings.[11] Additionally, defendants submitted a form signed by Ratliff designating Parker-Brown as her "agent with special power of attorney."[12] Finally, defendants submitted a summons[13] issued to Parker-Brown on July 18, 2023, directing her to appear in court on September 7, 2023 for a hearing, and an order[14] for "a show cause hearing to determine whether Belinda Parker Brown has acted in indirect contempt of the Court."

After filing their notice of removal, defendants filed a separate motion[15] and attached the "Case Summary"[16] of Ratliff's case as well as copies of the "Jail Slip and Subpoena" issued to Parker-Brown on September 7, 2023.[17] However, defendants

---

[9] R. Doc. No. 1-1, at 2–3.
[10] *Id.*
[11] *Id.* at 4–9; *id.* at 10–14.
[12] *Id.* at 16.
[13] *Id.* at 18.
[14] *Id.* at 19–20.
[15] R. Doc. No. 2. The Court will not address this motion in light of the decision to remand the case.
[16] R. Doc. No. 2-2, at 2–8.
[17] *Id.* at 13–15.

failed to file "a copy of all process, pleadings, and orders served upon" Ratliff in the criminal case they seek to remove. 28 U.S.C. § 1455(a). For example, they did not include a copy of the bill of information referenced in the "Case Summary."[18] This alone justifies summary remand to the state court.

Further, defendants' notice of removal is untimely. As explained, absent good cause, "a notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in State court, or at any time before trial, whichever is earlier[.]" 28 U.S.C. § 1455(b)(1). Based on the Case Summary filed by defendants, Ratliff was arraigned on July 13, 2022.[19] Accordingly, the notice of removal—which seeks to remove Ratliff's criminal case as well as Parker-Brown's more recent contempt proceedings "as one single proceeding"—is untimely and should be summarily remanded.[20] In view of the Court's disposition of this case, the hearing requested by defendants is unwarranted.[21]

---

[18] *Id.* at 5.

[19] *Id.* at 8.

[20] As noted, defendants view the criminal prosecution of Ratliff and the contempt hearing "as one single proceeding[,]" so the date of Ratliff's arraignment is relevant both of them. R. Doc. No. 1, at 5. Defendants have not sought leave to file their notice outside this 30-day period based on the more recent contempt proceeding and have not shown "good cause" for doing so pursuant to the statute.

[21] *See* R. Doc. No. 1, at 17 (requesting "a hearing as required by 28 U.S.C. § 1455, to be scheduled and held within 21 days of the filing of this Notice of Removal"). Pursuant to § 1455(b)(5), "*[i]f the United States district Court does not order the summary remand of [a criminal] prosecution*, it shall order an evidentiary proceeding to be promptly held[.]" Because the Court *does* order summary remand, no hearing is necessary.

### b. Statutory Grounds for Removal

Beyond the aforementioned grounds for summary remand, it is also clear that, contrary to defendants' assertions, there is no statutory basis for removing this criminal case to federal court. A state criminal prosecution may be removed to federal court only in certain limited circumstances. Pursuant to 28 U.S.C. § 1442, federal officers prosecuted for acts done in furtherance of their official duties and certain members of the armed forces[22] may remove their state prosecutions to federal court. Pursuant to 28 U.S.C. § 1443, a defendant may remove a state prosecution if she cannot enforce "a right under any law providing for the equal civil rights of all citizens of the United States" in state court or if the prosecution is "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

In conducting its analysis, the Court notes the "strong judicial policy against federal interference with state criminal proceedings." *Mesa v. California*, 489 U.S. 121, 138 (1989) (citing *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981)). The Court also recognizes that any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2009).

---

[22] Defendants have not alleged this ground for removal and have not suggested that they are members of the armed forces. Accordingly, the Court will not analyze it.

*i.    Section 1442*

First, a state-court criminal case may be removed if it is against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1).

Defendants argue that Parker-Brown qualifies for federal officer removal pursuant to § 1442. The notice of removal states that Parker-Brown is "'Madam Chairman' of a civil rights group, LUI/Louisiana United International," which "has a long history of assisting victims of injustice[.]"[23] It also states that she "has acted as agent and liaison between the downtrodden and the executive and judicial branches of the Federal Government in myriad manners, whether it is through facilitating legal representation, aiding in communicating with or otherwise collaborating with law enforcement for people who may be fearful or anxious concerning direct contact with 'the man', providing expungement clinics, or other activities."[24] The notice further states that Parker-Brown has engaged in "recent discussions with federal agents from the US DOJ Civil Rights Division program about Predatory Policing[.]"[25] Accordingly, defendants argue, "Parker Brown is entitled to remove this case on account of her status as a worker who collaborates with Federal Agents—she is an

---

[23] R. Doc. No. 1, at 9.
[24] *Id.* at 9–10.
[25] *Id.* at 10.

unofficial agent for official agents and is thus entitled to the protection of removal to Federal Court under 28 U.S.C. § 1442."[26]

Defendants do not appear to argue that Parker-Brown is herself a "federal officer."[27] Instead, they seem to claim that she is "acting under" federal officers. 28 U.S.C. § 1442(a)(1). The relevant question, then, is whether Parker-Brown is "being sued 'based upon actions taken pursuant to federal direction.'" *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 945 (E.D.N.Y. 1992) (quoting *Gulati v. Zuckerman*, 723 F. Supp. 353, 358 (E.D. Pa. 1989)); *see also Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142 (2007) (explaining that "acting under" a federal officer "typically includes subjection, guidance, or control").

Defendants have not shown that their actions were undertaken pursuant to any form of federal control, let alone the type of "direct and detailed control" courts have typically required in this context. *See Ryan,* 781 F. Supp. at 950; *see also Creighton v. Fleetwood Enters., Inc.*, No. 07-7194, 2009 WL 1229793, at *7 (E.D. La. May 5, 2009) (Vance, J.) (granting motion to remand because contractor did not show "direct and detailed control" by the federal government where the federal agency "provided certain minimum requirements and left the remaining details of implementation to the discretion of [the contractor]"). Defendants' claims that Parker-Brown "act[s] as agent and liaison between the downtrodden and . . . the

---

[26] *Id.* at 12.
[27] As explained, the notice of removal states that Parker-Brown is an employee of Louisiana United International, an organization which is not part of the federal government.

Federal Government in myriad matters" and that she sometimes "collaborates with Federal Agents" do not indicate that Parker-Brown was acting under the control of a federal officer leading up to the contempt hearing. Defendants therefore fail to meet the relevant standard.

Even if Parker-Brown were actually "acting under" the direct and detailed control of a federal officer, she would also have to raise a colorable claim to a federal law defense" and "establish a causal connection between [her actions] under official authority and the state prosecution." *Ryan*, 781 F. Supp. at 939 (citing *Mesa*, 489 U.S. at 129; *Maryland v. Soper (No. 1)*, 270 U.S. 9, 33 (1926) (internal quotations omitted)). "The [federal] nexus requirement is established by showing that the state action 'has arisen out of the acts done by [the defendants] under color of federal authority and in enforcement of federal law." *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1155 (D. Colo. 2002) (quoting *Mesa*, 489 U.S. at 129). The vague suggestions that Parker-Brown serves as a "liaison" and "collaborates with Federal Agents" patently do not satisfy this standard.

*ii.     Section 1443*

A criminal prosecution "commenced in a State court" may also be "removed by the defendant to the district court" for the district "embracing the place wherein it is pending":

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all the persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The Supreme Court "has given section 1443 a restrictive interpretation," and "[b]ad experiences with the particular court in question will not suffice." *California v. Sandoval*, 434 F.2d 635 (9th Cir. 1970) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966); *Greenwood v. Peacock*, 384 U.S. 808 (1966)).

To remove this criminal prosecution pursuant to § 1443(1), defendants must show that (1) "the right allegedly denied [to them] arises under a federal law providing for specific rights stated in terms of racial equality[;]" and (2) they "[are] denied or cannot enforce the specified federal rights" in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations omitted). With respect to the first prong of this test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability . . . will not suffice." *Id.* With respect to the second prong, the denial of federal rights must generally "be manifest in a formal expression of state law." *Id.* (internal quotations omitted).

Importantly, "[t]he civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." *Peacock*, 384 U.S. at 828. Pursuant to § 1443(1), "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.*

10

Defendants have not shown that they may remove this criminal action pursuant to § 1443(1). The claims regarding alleged violations of Parker-Brown's First Amendment rights[28] do not sound in racial equality and therefore may not support removal pursuant to *Johnson*'s first prong. *See Johnson*, 421 U.S. at 219. The notice does cite 42 U.S.C. § 1981, which provides for equal rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" and it alleges violations of Ratliff's "rights to equal protection of the law, and to make and enforce contracts to secure her own rights[.]"[29] The notice also suggests that there is "[a] pervasive scheme established by the letter of Louisiana Law, and cited as the basis for the prosecution of Ms. Belinda Parker Brown for Constructive/Indirect Contempt of Court . . . , as applied and construed by the Courts of Louisiana to operate to deny American citizens of African-American origin the equal protection of law."[30]

While some of these claims sound in racial equality, they cannot support removal because defendants do not cite any Louisiana law that manifestly or explicitly denies their federal rights pursuant to *Johnson*'s second prong. *Johnson*, 421 U.S. at 219. The contempt-of-court statute that defendants challenge simply explains that "constructive contempt of court" includes "[u]nlawful detention of a witness, the defendant or his attorney, or the district attorney, while going to,

---

[28] R. Doc. No. 1, at 2–3.
[29] *Id.* at 4.
[30] *Id.* at 4–5.

remaining at, or returning from the court" and "[a]ssuming to act as a juror, or as an attorney or other officer of the court, without lawful authority[.]" La. Code Crim. Proc. Ann. art. 23. The unauthorized practice of law statute defendants challenge merely prohibits, among other things, "[p]ractic[ing] law[,]" "[r]ender[ing] or furnish[ing] legal services or advice[,]" and "[a]ssum[ing] to be an attorney at law or counselor at law." La. Stat. Ann. § 37:213. These statutes do not manifestly or explicitly deny any federal rights. Additionally, defendants have not shown that they cannot enforce their federal rights through the "varied avenues of relief open to [them] for vindication of any of their federal rights that may have been or will be violated," including, for instance, pursuing any appeals through the state courts. *Johnson*, 421 U.S. at 228 (citing *Peacock*, 384 U.S. at 828–30).

Defendants also have not shown that they may remove the criminal prosecution pursuant to 1443(2). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Peacock*, 384 U.S. at 824. Again, neither Ratliff nor Parker-Brown has demonstrated that she is a "federal officer." For the reasons already given, they also have not demonstrated that they are "authorized to act with or for" a federal officer "in affirmatively executing duties under any federal law providing for equal civil rights."

### c. Abstention

Finally, the Court observes that even if removal were permitted, the Court would be required to dismiss the case pursuant to the abstention doctrine of *Younger*

*v. Harris*, 401 U.S. 37 (1971), given Louisiana's "important interest in administering [its] criminal proceedings free from federal interference." *Massachusetts v. Azubuko*, 616 F. Supp. 2d 174, 177 (D. Mass. 2009).

### III.   CONCLUSION

The Court concludes that defendants have not satisfied the requirements of 28 U.S.C. § 1455 and that no statutory basis exists for removal. Accordingly,

**IT IS ORDERED** that the above-captioned matter is summarily **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany pursuant to 28 U.S.C. 1446(c).

In light of the Court's disposition of this case, **IT IS FURTHER ORDERED** that defendants' motion for an "Order to Show Cause to Judge William H. Burris why he should not be declared to have committed criminal contempt of one or more of the removal statutes"[31] is **DISMISSED AS MOOT**.

New Orleans, Louisiana, September 18, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. No. 2, at 8.